1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBY GENTHNER,<br><br>          Plaintiff,<br><br>  v.<br><br>CLOVIS COMMUNITY HOSPITAL and<br>DAVID STONE N. P.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:16-cv-00581-DAD-BAM<br><br>ORDER GRANTING APPLICATION TO<br>PROCEED IN FORMA PAUPERIS<br><br>ORDER DISMISSING COMPLAINT WITH<br>LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

Plaintiff Debby Genthner ("Plaintiff"), proceeding pro se, initiated this action on April 25, 2016.   Plaintiff alleges negligence, medical negligence and intentional and negligent infliction of emotional distress against Defendants Clovis Community Hospital and Nurse Practitioner David Stone.  (Doc. 1).  In conjunction with her complaint, Plaintiff filed an application to proceed in forma pauperis.  (Doc. 2).

**Request to Proceed without Payment of Fees**

Plaintiff is proceeding pro se and has requested leave to proceed in forma pauperis pursuant to Title 28 of the United States Code section 1915(a).  Plaintiff has made the showing required by section 1915(a), and accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

///

///

1

**Plaintiff's Allegations**

Plaintiff brings suit against Clovis Community Hospital and Nurse Practitioner David Stone.  Plaintiff alleges that she went to the Clovis Community Emergency room because her throat and mouth were "on fire."  (Doc. 1 at 5).  Her throat was raw, she had sores all around her mouth, the sides of her mouth had deep burn marks and she had a deep pit on one side and a cut mark on the other.  Plaintiff waited for forty minutes and then was called into a room to check her vitals.  Plaintiff told Defendant Stone and a nurse about her mouth and that she was in a lot of pain.  They did not check her throat.  When she asked how long it would take to see the doctor, Defendant Stone said the wait was over four hours.  Plaintiff did not know that Defendant Stone was a Nurse Practitioner who could see patients.

Plaintiff further alleges that Defendants made her sit in the waiting room for four and a half hours and suffer with a raw, sore, burned throat and mouth.  She was not offered any pain medication.  Plaintiff's name was called at 8:30 p.m.  A male nurse looked at her throat and said it was a little red.  Defendant Stone then came in, barely looked at her throat and said it was a little red.  Plaintiff alleges that Defendant Stone could have looked at her earlier and provided medical care and pain medication.  Plaintiff also alleges that Defendant Stone had to have seen the injuries and sores around her mouth because he offered her a prescription.  She further alleges that he should have treated her so her mouth would not continue to burn and that she should have seen a specialist.  Plaintiff also contends that Defendant Stone should have reported the damages to the authorities.  Plaintiff asserts that Defendant Stone allowed an unknown perpetrator(s) to continue to harm her by not reporting the injuries to law enforcement.

Defendant Stone reportedly said Plaintiff's sore throat made the sides of her mouth swell up.  When he offered a prescription, Plaintiff told him she already had one and that she came through the emergency room to see a specialist. Defendant Stone stated that they did not have any specialists.  Plaintiff alleges that Defendant Sone could have paged a specialist to examiner her.

Plaintiff seeks compensatory and punitive damages, along with a form of injunctive relief.

**Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994). To proceed in federal court, Plaintiff's complaint must establish the existence of subject matter jurisdiction. *See id.* Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377, 114 S.Ct. at 1677. Lack of subject matter jurisdiction is never waived and may be raised by the court sua sponte. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594 595 (9th Cir. 1996); *Demery v. Kupperman*, 7356 F.2d 1139, 1149 n. 8 (9th Cir. 1984). "If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

1.    **Federal Question Jurisdiction**

Although Plaintiff asserts that this Court has federal question jurisdiction, Plaintiff does not plead a cognizable federal claim. Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 963 L.Ed.2d 318 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Plaintiff's claims for negligence (including the alleged failure to report under California law), medical negligence and intentional and negligent infliction of emotional distress are state law causes of action.[1]  Her claims do not implicate a federal question.

**2.      Diversity Jurisdiction**

Further, there is no basis for diversity jurisdiction.  Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different states."  28 U.S.C. § 1332(a)(1).

Here, Plaintiff fails to allege an amount in controversy in excess of statutory threshold.  More importantly, however, she has not shown that the parties are completely diverse.  The complaint indicates that both Plaintiff and Defendant Stone are residents of California.  (Doc. 1 at   2).  If the parties are California citizens, this destroys the requisite "complete diversity."  *See Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 722 (9th Cir. 2008), *cert. denied*, 556 U.S. 1221, 129 S.Ct. 2159, 173 L.Ed.2d 1156 (2009).

## CONCLUSION AND RECOMMENDATION

Plaintiff's complaint fails to allege subject matter jurisdiction.  However, as Plaintiff is proceeding pro se, the Court will provide her with the opportunity to file a first amended complaint in the event she can allege facts establishing this Court's jurisdiction. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.   Although accepted as true, the "[f]actual allegations must be

---

[1] Insofar as Plaintiff requests that Defendants be criminally charged, the Court cannot grant such relief.  As the judicial branch of the federal government, the Court does not have the power to criminally prosecute an individual. *See United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case.").

1    [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555

2    (citations omitted).

3           Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

4    *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's first

5    amended complaint must be "complete in itself without reference to the prior or superseded

6    pleading."  Local Rule 220.

7           Based on the foregoing, it is HEREBY ORDERED that:

8      1.  Plaintiff's complaint is dismissed for lack of subject matter jurisdiction;

9      2.  Within thirty (30) days from the date of service of this order, Plaintiff shall file a first

10         amended complaint; and

11     3.  If Plaintiff fails to file a first amended complaint in compliance with this order, the

12         Court will recommend that this action be dismissed with prejudice.

13

14   IT IS SO ORDERED.

15

16   Dated:   **April 27, 2016**              /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28