# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBY GENTHNER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CLOVIS COMMUNITY HOSPITAL and DAVID STONE N. P.,<br><br>　　　　Defendants. | 1:16-cv-00581-DAD-BAM<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>Doc. 4<br><br>THIRTY-DAY DEADLINE |

　　　　Plaintiff Debby Genthner ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this civil action on April 25, 2016. On April 28, 2016, the Court dismissed Plaintiff's complaint based on the failure to adequately allege this Court's subject matter jurisdiction. The Court directed Plaintiff to file an amended complaint within thirty days. Doc. 3. Plaintiff's first amended complaint, filed on May 27, 2016, is currently before the Court for screening. Doc. 4.

　　**Screening Requirement**

　　　　The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-1123 (9th Cir. 2012), *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949; *Moss*, 572 F.3d at 969.

**Plaintiff's Allegations**

As with her original complaint, Plaintiff brings suit against Clovis Community Hospital and Nurse Practitioner David Stone. Plaintiff alleges that she went to the Clovis Community Hospital Emergency room for treatment of severe burn damages to her mouth and throat on April 21, 2014. Doc. 4 at 1. Plaintiff contends that Defendant Stone examined her mouth and throat and offered her a prescription for the sores in her mouth. Plaintiff claims that Defendant Stone should have seen the burn damage. Her throat was raw, she had sores all around her mouth, the sides of her mouth had deep burn marks and she had a deep pit on one side and a cut mark on the other.

Plaintiff further alleges that Defendant Stone made her sit in the waiting room for four and a half hours and suffer with a burning mouth. She was not offered any pain medication.

Plaintiff alleges that Defendant Stone should have examined and treated her right away or called in specialist to look at her injuries. Plaintiff contends that she tried to explain her injuries to Defendant Stone, but all he could do was mentally abuse her and tell her that her sore throat caused the sides of her mouth to swell up. Plaintiff also contends that Defendant Stone should have reported the damages to the authorities.

Plaintiff asserts claims for violation of her civil rights, negligence, and failure to report her injuries.

**Discussion**

**A. Fourteenth Amendment**

In her First Amended Complaint, Plaintiff alleges that Defendant Stone violated her rights under the Fourteenth Amendment to the United States Constitution by failing to properly diagnose, treat and report the severe burn damages to her mouth and throat.

The Fourteenth Amendment provides that no State shall "make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Generally, only "state action [is] subject to Fourteenth Amendment scrutiny and private conduct . . . is not." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001); *Jackson v. Metropolitan*, 419 U.S. 345, 349 (1974) ("private action is immune from the restrictions of the Fourteenth Amendment"). However, private action may be considered State action if "there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad.*, 531 U.S. at 295 (citation omitted); *Jackson*, 419 U.S. at 349 (private actor may only be held liable for a constitutional violation if there is a "sufficiently close nexus between the State and the challenged action of the [private actor] ....").

Plaintiff has failed to state a Fourteenth Amendment claim. Defendant Stone is a private actor working at Clovis Community Hospital. There are no allegations demonstrating a nexus between Defendant Stone and the State, nor are there any allegations demonstrating a nexus

between Defendant Clovis Community Hospital and the State.  Thus, the asserted actions of Defendants may not be fairly treated as that of the state itself.

Even if Defendants were to be considered state actors, Plaintiff has not alleged sufficient facts demonstrating that her constitutional rights were violated.  Rather, Plaintiff's claims are based on negligence and medical negligence, which are not sufficient to state a claim under the Fourteenth Amendment. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989) ("mere negligence or lack of due care . . . does not trigger the protections of the fourteenth amendment").

### B.  State Law Claims

Plaintiff has asserted several state law claims, including negligence and medical negligence.[1]  However, Plaintiff has not pled a cognizable federal claim.  Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

Here, Plaintiff fails to state a Fourteenth Amendment violation. Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. *See* 28 U.S.C. § 1367. The Court will not address Plaintiff's state law claims unless and until she states a cognizable claim for relief under federal law.

### **CONCLUSION AND ORDER**

Plaintiff fails to state a cognizable federal claim.  However, as Plaintiff is proceeding pro se, the Court will provide her with a final opportunity to amend her complaint to state a cognizable federal claim. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Plaintiff may not

---

[1] Plaintiff also alleges that Defendants violated California Penal Code §§ 11160, 11161, and 11161.5. Plaintiff has not demonstrated that that these statutory provisions authorize a private cause of action.

4

change the nature of this suit by adding new, unrelated claims in her amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed for failure to state a cognizable federal claim;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and
3. **If Plaintiff fails to file a second amended complaint in compliance with this order, the Court will recommend that this action be dismissed with prejudice for failure to state a claim and to obey a court order.**

IT IS SO ORDERED.

Dated:  **June 21, 2016**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE