# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBY GENTHNER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CLOVIS COMMUNITY HOSPITAL and<br>DAVID STONE, N. P.,<br><br>　　　　Defendants. | 1:16-cv-00581-DAD-BAM<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

　　　　Plaintiff Debby Genthner ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this civil action on April 25, 2016.  On April 28, 2016, the Court dismissed Plaintiff's complaint with leave to amend.  Plaintiff filed a first amended complaint on May 27, 2016.  On June 22, 2016, the Court dismissed Plaintiff's first amended complaint for failure to state a cognizable claim.  The Court directed Plaintiff to file an amended complaint within thirty days.  (Doc. 5). Plaintiff's second amended complaint, filed on July 20, 2016, is currently before the Court for screening.  (Doc. 6).

**<u>Screening Requirement</u>**

　　　　The Court is required to screen complaints brought by persons proceeding in pro per.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-1123 (9th Cir. 2012), *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949; *Moss*, 572 F.3d at 969.

**Plaintiff's Allegations**

As with her first amended complaint, Plaintiff names Clovis Community Hospital and Nurse Practitioner David Stone as defendants. Plaintiff alleges that Nurse Practitioner Stone did not provide a proper medical assessment for severe burn damages to her mouth on April 21, 2014, at Clovis Community Hospital. When Plaintiff arrived at the emergency room, she told an intake person that her mouth was badly burned and her pain was above a ten on a scale of 1-10. Plaintiff's mouth and throat were "raw and on fire" and she had "sores all around the inside of her mouth." (Doc. 6 at p. 1). Plaintiff waited in the emergency room for about forty minutes and was then called to have her vitals checked by the nurses. Nurse Practitioner Stone was one of the

nurses in the room where Plaintiff's vitals were taken, but he did not check Plaintiff's mouth or give her any pain medication or treatment. (Doc. 6 at p. 1). Rather, Plaintiff sat in the emergency room with her mouth burning in pain for over four hours with no exam or treatment. Plaintiff alleges that she suffered for days after the visit and can still see burn marks in her mouth and redness in her throat.

Plaintiff also alleges that Nurse Practitioner Stone failed to report her severe mouth burns to the authorities and that she continues "to suffer from repeated injuries by this perpetrator or perpetrators because [Nurse Practitioner] Stone did not report these injuries to law enforcement authorities." (Doc. 6 at p. 4).

Plaintiff further alleges that the hospital engaged in a conspiracy to spoil evidence and obstruct justice. Specifically, Plaintiff asserts that her medical records do not reflect what she told the intake person when she arrived at the emergency room. (Doc. 6 at p. 4). Plaintiff also asserts that certain city officials contacted Nurse Practitioner Stone at the hospital to prevent Plaintiff from being examined and from receiving any treatment for her injuries.

Plaintiff contends that she went "to an E.N.T. doctor on April 29, 2014 to check the burn injuries in [her] mouth." (Doc. 6 at p. 5). Plaintiff asserts that the nurse read the notes from Clovis Community Hospital, and said "how bad does your pain level have to be to get treatment or pain medication." (Doc. 6 at p. 5).

Plaintiff brings claims (Claims 1, 2, and 4) against Clovis Community Hospital pursuant to the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd based on allegations that Nurse Practitioner Stone failed to provide a proper medical assessment and treatment for severe burn damages to her mouth on April 21, 2014. Plaintiff also asserts conspiracy claims (Claims 5 and 10) against the hospital and Nurse Practitioner Stone pursuant to 42 U.S.C. § 1985. Additionally, Plaintiff's second amended complaint contains state law claims (Claims 6, 7 and 8) for negligence, medical negligence, malpractice and intentional and negligent infliction of emotional distress, along with claims (Claims 3 and 9) against the hospital and Nurse Practitioner Stone for alleged violations of California Penal Code § 11160 for failure to report her burns to authorities.

**Discussion**

**A. Emergency Medical Treatment and Active Labor Act ("EMTALA")**

Congress enacted the EMTALA, known as the "Patient Anti-Dumping Act," to address concerns that "hospitals were dumping patients who were unable to pay for care, either by refusing to provide emergency treatment to these patients, or by transferring the patients to other hospitals before the patients' conditions stabilized." *Jackson v. East Bay Hosp.*, 246 F.3d 1248, 1254 (9th Cir. 2001). Under the EMTALA, hospitals with emergency rooms must "provide for an appropriate medical screening examination within the capability of the hospital's emergency department ... to determine whether or not an emergency medical condition ... exists." 42 U.S.C. § 1395dd(a). Hospitals are required to conduct an examination that is "reasonably calculated to identify the patient's critical medical condition." *Hoffman v. Tonnemacher*, 425 F. Supp.2d 1120, 1130 (E.D. Cal. 2006). If an emergency medical condition is discovered, then hospital staff must "stabilize" the patient before transferring her to another facility or discharging her. *Baker v. Adventist Health, Inc.*, 260 F.3d 987, 992 (9th Cir.2001). However, a hospital is not liable under the EMTALA if it negligently fails to detect or if it misdiagnoses an emergency medical condition. *Bryant v. Adventist Health System/West*, 289 F.3d 1162, 1166 (9th Cir. 2002). As such, individuals who receive substandard medical care must pursue their remedies under state law and not under the EMTALA. *Eberhardt v. City of Los Angeles*, 62 F.3d 1253, 1258 (9th Cir. 1995).

Here, Plaintiff fails to state a cognizable claim against Clovis Community Hospital under the EMTALA related to her medical screening. Although Plaintiff alleges a failure to examine or screen her medical condition, exhibits attached to the second amended complaint belie her allegations and demonstrate that medical staff at Clovis Community Hospital triaged Plaintiff at approximately 5:36 p.m. on April 21, 2014, and determined that her condition was non-urgent. (Doc. 6 at pp. 15-20, Ex. A to Sec. Amend. Compl.). Plaintiff fails to allege facts demonstrating that the triage screening conducted by hospital staff was not appropriate. *See, e.g. Garza v. City & County of San Francisco*, 2006 WL 3462925, at *3-4 (N.D. Cal. Nov. 30, 2006) (denying request for reconsideration of order granting summary judgment; reaffirming holding that

plaintiff had provided no evidence that the triage screening was not appropriate within the capability of the hospital's emergency department). Moreover, Plaintiff presents evidence that she was uncooperative with Nurse Practitioner Stone, and that she eloped from the hospital. (Doc. 6 at pp. 14 and 15, Ex. A to Sec. Amend. Compl.). Therefore, Plaintiff's own actions preclude any claim that the hospital violated the EMTALA. Further, any assertion that the triage evaluation failed to detect or diagnose her mouth burns must be pursued under state law, not the EMTALA. *Bryant*, 289 F.3d at 1166; *Eberhardt*, ; *Baker v. Adventist Health, Inc*., 260 F.3d 987, 992 (9th Cir.2001) (medical malpractice is not actionable under the EMTALA). Indeed, "negligence in the screening process or the provision of a merely faulty screening, as opposed to refusing to screen or disparate screening, does not violate EMTALA, although it may implicate state malpractice law." *Hoffman*, 425 F.Supp.2d at 1131.

Plaintiff also fails to state a cognizable claim against the hospital regarding any purported failure to stabilize her before discharge because she eloped from the hospital. (Doc. 6 at p. 15, Ex. A to Sec. Amend. Compl.). Thus, the hospital cannot be liable under the EMTALA for failure to stabilize her before any discharge or transfer.

Insofar as Plaintiff attempts to bring a claim against Nurse Practitioner Stone for violation of the EMTALA, she may not do so. The EMTALA does not provide a private right of action against hospital employees. "The plain text of the EMTALA explicitly limits a private right of action to the participating hospital." *Eberhardt*, 62 F.3d at 1256.

For these reasons, Plaintiff fails to state cognizable claims against the hospital or Nurse Practitioner Stone for purported violations of the EMTALA

**B.  42 U.S.C. § 1985**

Plaintiff alleges that defendants conspired with city officials to deprive her of her right to a medical examination and treatment on April 21, 2014, at Clovis Community Hospital in violation of 42 U.S.C. § 1985. Section 1985 proscribes conspiracies to interfere with an individual's civil rights. A claim under section 1985 must allege specific facts to support the allegation that defendants conspired together. *Karim–Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 626 (9th Cir.1988). A mere allegation of conspiracy without factual specificity is

insufficient to state a claim under 42 U.S.C. § 1985. *Id.; Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir.1991).  Here, Plaintiff fails to allege any facts to support a claim of conspiracy to violate her civil rights.  Plaintiff's conclusory allegations are insufficient.

### C.  State Law Claims

Plaintiff has asserted several state law claims, including negligence and medical negligence.[1]  As Plaintiff has failed to state any cognizable federal claims in this action, the Court finds it unnecessary to screen Plaintiff's state law claims. The Court generally declines to exercise supplemental jurisdiction over state law claims in the absence of viable federal claims and this case presents no exception. 28 U.S.C. § 1367(c)(3); *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001); *see also Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) (if court declines to exercise supplemental jurisdiction over state law claims once court dismissed federal claims, then the court should dismiss the state law claims without prejudice).

### **CONCLUSION AND ORDER**

Plaintiff fails to state a cognizable federal claim.  In an abundance of caution, Plaintiff will be provided with one additional opportunity to amend her complaint to state a cognizable federal claim. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's

---

[1]  Plaintiff also alleges that Defendants violated California Penal Code §§ 11160 and 11161.  Plaintiff has not demonstrated that that these statutory provisions authorize a private cause of action.

amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed for failure to state a cognizable federal claim;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a third amended complaint; and
3. **If Plaintiff fails to file a third amended complaint in compliance with this order, the Court will recommend that this action be dismissed with prejudice.**

IT IS SO ORDERED.

Dated:   **September 1, 2016**                    /s/ *Barbara A. McAuliffe*
                                                         UNITED STATES MAGISTRATE JUDGE