UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBY GENTHNER,<br><br>  Plaintiff,<br><br>  v.<br><br>CLOVIS COMMUNITY HOSPITAL, et al.,<br><br>  Defendants. | Case No. 1:16-cv-00581-DAD-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>FOURTEEN-DAY DEADLINE |

**Findings and Recommendations**

Plaintiff Debby Genthner ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this civil action on April 25, 2016.  On September 2, 2016, the Court dismissed Plaintiff's second amended complaint with leave to amend.  (Doc. 7).  Plaintiff's third amended complaint, filed on September 30, 2016, is currently before the Court for screening.  (Doc. 8).

**Screening Requirement**

The Court is required to screen complaints brought by persons proceeding in pro per.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-1123 (9th Cir. 2012), *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949; *Moss*, 572 F.3d at 969.

**Plaintiff's Allegations**

As with her second amended complaint, Plaintiff names Clovis Community Hospital and Nurse Practitioner David Stone as defendants. Plaintiff alleges that Nurse Practitioner Stone did not provide a proper medical assessment for severe burn damages to her mouth on April 21, 2014, at Clovis Community Hospital. When Plaintiff arrived at the emergency room, she told an intake person that her mouth was badly burned and her pain was above a ten on a scale of 1-10. Plaintiff's mouth and throat were "raw and on fire" and she had "sores all around the inside of her mouth." (Doc. 8 at p. 1). Plaintiff waited in the emergency room for about forty minutes and was then called to have her vitals checked by the nurses. Nurse Practitioner Stone was one of the nurses in the room where Plaintiff's vitals were taken, but he did not check Plaintiff's mouth or give her any pain medication or treatment. (Doc. 8 at p. 1). Rather, Plaintiff sat in the

1 emergency room with her mouth burning in pain for over four hours with no exam or treatment.
2 Plaintiff alleges that she suffered for days after the visit and can still see burn marks in her mouth
3 and redness in her throat.

4     Plaintiff further alleges that the Clovis Community Hospital records have been altered,
5 and she did not go to the emergency room with a sore throat.  Instead, she went to the emergency
6 room with severe burns in her mouth.  Plaintiff asserts that the records contain a medical
7 evaluation for two encounters with Nurse Practitioner Stone, but Nurse Practitioner Stone only
8 looked at the back of her throat briefly after she had been in the emergency room for over four
9 hours.  Plaintiff contends that Nurse Practitioner Stone should have done a thorough examination
10 of her entire mouth, and she should have received treatment and examination right away.
11 Plaintiff alleges that she has "real bad scarring" in her mouth from the burns.  (Doc. 8 at p. 4).

12     Plaintiff also alleges that Nurse Practitioner Stone came into the examination room four
13 hours after she had seen him.  Plaintiff asserts that he could have looked at her mouth with the
14 triage nurse and treated her.  Plaintiff tried to explain the pain and damages and got upset
15 because he did not want to acknowledge severe damages in her mouth.

16     Additionally, Plaintiff alleges that she is suing the hospital for Nurse Practitioner Stone's
17 failure to report her severe mouth burns to authorities.  Plaintiff asserts that she continues "to
18 suffer from repeated injuries by this perpetrator or perpetrators because [Nurse Practitioner]
19 Stone did not report these injuries to law enforcement authorities."  (Doc. 8 at p. 6).

20     Plaintiff further alleges that the hospital engaged in a conspiracy to spoil evidence and
21 obstruct justice.  Specifically, Plaintiff asserts that her medical records do not reflect what she
22 told the intake person when she arrived at the emergency room.  (Doc. 8 at p. 9).  Plaintiff
23 further contends that she went "to an E.N.T. doctor on April 29, 2014 to check the burn injuries
24 in [her] mouth."  (Doc. 8 at p. 9).  Plaintiff asserts that the nurse read the notes from Clovis
25 Community Hospital, and said "how bad does your pain level have to be to get treatment or pain
26 medication."  (Doc. 8 at p. 10).

27     Plaintiff also alleges that Nurse Practitioner Stone conspired to deprive her of her right to
28 a medical examination and treatment.  Plaintiff asserts that she has "reason to believe that certain

city officials contacted [Nurse Practitioner] Stone at Clovis Community Hospital on April 21, 2014 to prevent [her] from being examined and from receiving any treatment for [her] injuries." (Doc. 8 at p. 10). Plaintiff states that the reports show she was not examined when her vitals were taken after being in the emergency room for forty minutes while Nurse Practitioner Stone was present. Plaintiff claims that Nurse Practitioner Stone and the nurses were aware of her pain and burn damages when her vitals were taken and at intake.

Plaintiff brings claims (Claims 1, 2, 3, and 4) against Clovis Community Hospital for vicarious liability for failure to provide a medical assessment and treatment, failure to report her severe mouth burns to the authorities pursuant to California Penal Code §§ 11160 and 11161, and emotional distress. Plaintiff also brings a claim (Claim 5) against Clovis Community Hospital for conspiracy to spoliate evidence and obstruct justice, as well as a claim pursuant to the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd, based on allegations that Nurse Practitioner Stone failed to provide a proper medical assessment and treatment for severe burn damages to her mouth on April 21, 2014. Plaintiff also brings a claim (Claim 6) against Nurse Practitioner Stone for conspiracy under 42 U.S.C. § 1985, to deprive her of her right to a medical examination and treatment. Additionally, Plaintiff's third amended complaint includes allegations that Clovis Community Hospital and Nurse Practitioner Sone are liable under the California Health and Safety Code.

**Discussion**

**A. Federal Claims**

    **1. 42 U.S.C. § 1983**

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation

4

was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). Generally, private parties do not act under color of state law for § 1983 purposes. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). Indeed, the law presumes that conduct by private actors is not state action. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011). Here, Plaintiff fails to plead sufficient facts to establish that the defendants were acting under color of state law. *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (allegation of state action is "necessary element of a § 1983 claim").

### 2. 42 U.S.C. § 1985

Plaintiff alleges that Defendant Clovis Community Hospital conspired to spoliate evidence and to obstruct justice. Plaintiff also alleges that Nurse Practitioner Stone conspired with city officials to deprive her of her right to a medical examination and treatment on April 21, 2014, at Clovis Community Hospital in violation of 42 U.S.C. § 1985. Section 1985 proscribes conspiracies to interfere with an individual's civil rights. A claim under section 1985 must allege specific facts to support the allegation that defendants conspired together. *Karim–Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 626 (9th Cir.1988). A mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. *Id.; Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir.1991). Here, Plaintiff fails to allege any facts to support a claim of conspiracy to spoil evidence, obstruct justice or violate her civil rights. Plaintiff's conclusory allegations are insufficient.

### 3. Emergency Medical Treatment and Active Labor Act ("EMTALA")

Congress enacted the EMTALA, known as the "Patient Anti-Dumping Act," to address concerns that "hospitals were dumping patients who were unable to pay for care, either by refusing to provide emergency treatment to these patients, or by transferring the patients to other hospitals before the patients' conditions stabilized." *Jackson v. East Bay Hosp.*, 246 F.3d 1248, 1254 (9th Cir. 2001). Under the EMTALA, hospitals with emergency rooms must "provide for an appropriate medical screening examination within the capability of the hospital's emergency department ... to determine whether or not an emergency medical condition ... exists." 42 U.S.C.

§ 1395dd(a). Hospitals are required to conduct an examination that is "reasonably calculated to identify the patient's critical medical condition." *Hoffman v. Tonnemacher*, 425 F. Supp.2d 1120, 1130 (E.D. Cal. 2006). If an emergency medical condition is discovered, then hospital staff must "stabilize" the patient before transferring her to another facility or discharging her. *Baker v. Adventist Health, Inc.*, 260 F.3d 987, 992 (9th Cir.2001). However, a hospital is not liable under the EMTALA if it negligently fails to detect or if it misdiagnoses an emergency medical condition. *Bryant v. Adventist Health System/West*, 289 F.3d 1162, 1166 (9th Cir. 2002). As such, individuals who receive substandard medical care must pursue their remedies under state law and not under the EMTALA. *Eberhardt v. City of Los Angeles*, 62 F.3d 1253, 1258 (9th Cir. 1995).

Here, Plaintiff fails to state a cognizable claim against Clovis Community Hospital under the EMTALA related to her medical screening. Although Plaintiff alleges a failure to examine or screen her medical condition, exhibits attached to the third amended complaint belie her allegations and demonstrate that Plaintiff arrived at Clovis Community Hospital at 4:38 p.m. on April 21, 2014, and was triaged by medical staff less than an hour later, at approximately 5:26 p.m. Plaintiff's condition was determined to be non-urgent. (Doc. 8 at pp. 16-24, Ex. A to Third Amend. Compl.). Plaintiff fails to allege facts demonstrating that the triage screening conducted by hospital staff was not appropriate. *See, e.g. Garza v. City & County of San Francisco*, 2006 WL 3462925, at *3-4 (N.D. Cal. Nov. 30, 2006) (denying request for reconsideration of order granting summary judgment; reaffirming holding that plaintiff had provided no evidence that the triage screening was not appropriate within the capability of the hospital's emergency department). Moreover, Plaintiff presents evidence that she was uncooperative with Nurse Practitioner Stone, and that she "eloped" from the hospital. (Doc. 8 at pp. 16-17, 19, Ex. A to Third Amend. Compl.). Therefore, Plaintiff's own actions preclude any claim that the hospital violated the EMTALA. Further, any assertion that the triage evaluation failed to detect or diagnose her mouth burns must be pursued under state law, not the EMTALA. *Bryant,* 289 F.3d at 1166; *Eberhardt*, 62 F.3d at 1258; *Baker v. Adventist Health, Inc.*, 260 F.3d 987, 992 (9th Cir. 2001) (medical malpractice is not actionable under the EMTALA). Indeed, "negligence in the

screening process or the provision of a merely faulty screening, as opposed to refusing to screen or disparate screening, does not violate EMTALA, although it may implicate state malpractice law." *Hoffman*, 425 F.Supp.2d at 1131.

Plaintiff also fails to state a cognizable claim against the hospital regarding any purported failure to stabilize her before transfer or discharge because Plaintiff eloped from the hospital. (Doc. 8 at p. 16, Ex. A to Third Amend. Compl.). Thus, the hospital cannot be liable under the EMTALA for failure to stabilize her before any discharge or transfer.

Insofar as Plaintiff attempts to bring a claim against Nurse Practitioner Stone for violation of the EMTALA, she may not do so. The EMTALA does not provide a private right of action against hospital employees. "The plain text of the EMTALA explicitly limits a private right of action to the participating hospital." *Eberhardt*, 62 F.3d at 1256.

For these reasons, Plaintiff fails to state cognizable claims against the hospital or Nurse Practitioner Stone for purported violations of the EMTALA. Plaintiff has been unable to cure these deficiencies.

**B.  State Law Claims**

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. *See* 28 U.S.C. § 1367. In this instance, Plaintiff fails to state a claim for relief on her federal claims for conspiracy, violation of the EMTALA and section 1983. The Court generally declines to exercise supplemental jurisdiction over state law claims in the absence of viable federal claims and this case presents no exception. 28 U.S.C. § 1367(c)(3); *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001); *see also Watison v. Carter*,

668 F.3d 1108, 1117 (9th Cir. 2012) (if court declines to exercise supplemental jurisdiction over state law claims once court dismissed federal claims, then the court should dismiss the state law claims without prejudice).

## CONCLUSION AND RECOMMENDATION

Plaintiff fails to state a cognizable federal claim. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in her complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's third amended complaint be dismissed for failure to state a cognizable federal claim and that Plaintiff's state law claims be dismissed without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 8, 2016**                    /s/ Barbara A. McAuliffe
                                                              UNITED STATES MAGISTRATE JUDGE